GUO HAI HUANG, Petitioner,

v.

Michael B. MUKASEY, Respondent.

No. 08–0842–ag.

United States Court of Appeals,
Second Circuit.

Sept. 4, 2008.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Senior Litigation Counsel; Lindsay E. Williams, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Guo Hai Huang, a native and citizen of the People's Republic of China, seeks review of a January 29, 2008 order of the BIA affirming the May 15, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Hai Huang*, No. A 77 340 978 (B.I.A. Jan. 29, 2008), *aff'g* No. A 77 340 978 (Immig. Ct. N.Y. City May 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As a preliminary matter, under the REAL ID Act of 2005 ("RIDA"), credibility determinations may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). However, the RIDA applies only to applications for asylum filed on or after May 11, 2005, the RIDA's date of enactment. *See* RIDA § 101(h)(2); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 339 (2d Cir.2006). In the instant case, it is unclear whether the RIDA applies because Huang filed two applications in this case, one before and one after that date. However, we decline to decide this issue where substantial evidence supports the agency's adverse credibility determination under either the pre– or post-RIDA standards. For purposes of our analysis here, we apply the pre-RIDA standard. *See Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir.2003).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied in part on the discrepancy between Huang's assertion in his asylum application and in his testimony that his wife had been sterilized, and his inconsistent statement during his testimony that if they were together, his wife could have more children. Because this inconsistency went to the heart of Huang's asylum claim, it supported the agency's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308. Further, the IJ reasonably rejected Huang's explanation that he meant to testify that he and his wife both "wanted" to have more children. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

The IJ also correctly observed several internal inconsistencies and omissions in the record. The IJ accurately noted that Huang initially testified that he lived with his wife when she went into hiding at his father-in-law's home, but later stated that he stayed in his own home. Likewise, the IJ correctly noted Huang's assertion that the second time the family planning officials came to his home, they warned him that either he or his wife would have to report for sterilization; however, he subsequently testified that the officials spoke only with his mother. Huang explained that this inconsistency resulted from his inability to "hear clearly." Again, the agency was not required to credit that explanation. *See Majidi,* 430 F.3d at 80–81. In a similar vein, the IJ noted that although Huang stated that he and his wife returned home because his mother was sick, his father did not mention her illness in his letter. When weighed together, the agency reasonably deemed these discrepancies consequential. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Moreover, the IJ reasonably declined to give Huang the "benefit of the doubt" concerning them given that Huang's first asylum application admittedly contained false statements. *Cf. Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007).

The above findings constitute substantial evidence supporting the agency's adverse credibility determination. Accordingly, the agency's denial of Huang's applications for asylum, withholding of removal, and CAT relief was proper because each claim rested on the same factual predicate. *See*

*Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Thus, we need not reach the agency's remaining burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.